UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TIMOTHY BAGGOTT, | Case No. 3:23-cv-00595-ART-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ITOR, et al., | |
| Defendants. | |

Plaintiff Timothy Baggott brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Elko County Detention Center. (ECF No. 1-1). On May 10, 2024, this Court denied Baggott's application to proceed *in forma pauperis* for inmates as moot because Baggott was no longer incarcerated. (ECF No. 4). The Court also ordered Baggot to file a fully complete application to proceed *in forma pauperis* for non-prisoners, or pay the full $402 filing fee, on or before June 10, 2024. (*Id.* at 2). The Court warned Baggott that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full $402 filing fee for a civil action by that deadline. (*Id.*). That deadline expired and Baggott did not file an application to proceed *in forma pauperis* for non-prisoners, pay the full $402 filing fee, or otherwise respond.

**I.  DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1

1  (dismissal for failure to comply with court order). In determining whether to
2  dismiss an action on one of these grounds, the Court must consider: (1) the
3  public's interest in expeditious resolution of litigation; (2) the Court's need to
4  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
5  favoring disposition of cases on their merits; and (5) the availability of less drastic
6  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
7  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
8  Cir. 1987)).

9        The first two factors, the public's interest in expeditiously resolving this
10 litigation and the Court's interest in managing its docket, weigh in favor of
11 dismissal of Baggott's claims. The third factor, risk of prejudice to defendants,
12 also weighs in favor of dismissal because a presumption of injury arises from the
13 occurrence of unreasonable delay in filing a pleading ordered by the court or
14 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
15 1976). The fourth factor—the public policy favoring disposition of cases on their
16 merits—is greatly outweighed by the factors favoring dismissal.

17       The fifth factor requires the Court to consider whether less drastic
18 alternatives can be used to correct the party's failure that brought about the
19 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
20 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
21 the party has disobeyed a court order does not satisfy this factor); *accord*
22 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
23 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
24 pursuit of less drastic alternatives prior to disobedience of the court's order as
25 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
26 with the warning of dismissal for failure to comply[,]" have been "eroded" by
27 *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
28 dismissing a case, but must explore possible and meaningful alternatives."

1    *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
2    cannot realistically proceed until and unless Baggott either files a fully complete
3    application to proceed *in forma pauperis* or pays the $402 filing fee for a civil
4    action, the only alternative is to enter a second order setting another deadline.
5    But the reality of repeating an ignored order is that it often only delays the
6    inevitable and squanders the Court's finite resources. The circumstances here do
7    not indicate that this case will be an exception:  there is no hint that Baggott
8    needs additional time or evidence that he did not receive the Court's order.
9    Setting a second deadline is not a meaningful alternative given these
10   circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Baggott's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full $402 filing fee in compliance with this Court's May 10, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Baggott wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 1st day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE